*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:     **Cheryl A. Bergeron**                                         Case No.: **16-40924**
                                                                          Chapter 13
           Debtor(s)

**CHAPTER 13 PLAN**

*Check one.* This plan is:
☐  Original
☑  Amended *(Identify First, Second, Third, etc.)* Second
☐  Postconfirmation *(Date Order Confirming Plan Was Entered:* _____ *)*

Date this plan was filed:  **October 8, 2018**

### PART 1:                               NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

### PART 2:                          PLAN LENGTH AND PAYMENTS

**A.    LENGTH OF PLAN:**

☐  36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☑  60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐  _____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: _____

**B.    PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 1,561.00 | 60 |

**C.   ADDITIONAL PAYMENTS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                    **$96,605.00**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.   CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
   *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
   Address of the Principal Residence:   99 Country Club Drive, Northbridge, MA 01588
   The Debtor(s) estimates that the fair market value of the Principal Residence is: $   461,812.00

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| US Bank Trust N.A., as trustee of Bungalow Series F Trust | **Mortgage** | **$59,032.32** |
| **Internal Revenue Service** | **Secured Lien** | **$4,857.50** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**63,889.82**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| Santander Consumer USA Inc | Car Loan | Debtor's Vehicle | $1,143.78 |

Total of prepetition arrears on Secured Claim(s) (Other): $**1,143.78**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $65,033.60**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **Ann Marie Early** | Mortgage | **307 North Main Street North Uxbridge, MA 01569  Worcester County Investment property owned by  Cab Realty LLC** |
| Santander Consumer USA Inc | Car Loan | Debtor's Vehicle |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                 Best Case Bankruptcy

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| US Bank Trust N.A., as trustee of Bungalow Series F Trust | **Mortgage** | **PRINCIPAL 99 Country Club Drive Whitinsville, MA 01588  Worcester County**<br>**Debtor's Residence** |

B.  **MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*
☐ **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

  **(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☑ None. *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

  **(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☑ None. *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

This section includes any claim(s) that was either (i) incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of the Debtor(s) or (ii) incurred within one year of the petition date and secured by a purchase-money security interest in any other thing of value. Such claim(s) will be paid in full through this Plan with interest at the rate stated below. Unless the Court orders otherwise, the claim amount stated on an allowed Proof of Claim controls over any contrary amount listed below.

*If you are treating the claim in Part 3.B.1 or 3.B.3, you should not include the claim in this section.*

  **(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☑ None. *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

C.  **SURRENDER OF COLLATERAL:**

*Check one.*

☑ None. *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐ None. *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*
☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

A.  **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B.  **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Massachusetts Department Of Revenue** | Personal Income Taxes | $12,966.74 |
| **Internal Revenue Service** | Personal Income Taxes | $75.96 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $13,042.70**

C.  **ADMINISTRATIVE EXPENSES:**

   (1) **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| -NONE- |  |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   (2) **OTHER** *(Describe)*:

| -NONE- |
|---|

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $**0.00**

   (3) **TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |
|---|---|

*Check one*.

☐ **None.** If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $___, which the Debtor(s) estimates will provide a dividend of ___%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than **100** % of its allowed claim.

A.  **GENERAL UNSECURED CLAIMS:**                                                                                                              $**6,168.20**

B.  **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- |  |  |

C.  **NONDISCHARGEABLE UNSECURED CLAIMS** (*e.g., student loans*):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None |  |  |

D.  **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- |  |  |

E.  **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                         Best Case Bankruptcy

**Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]: $6,168.20**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$6,168.20**

F.  **SEPARATELY CLASSIFIED UNSECURED CLAIMS** (*e.g., co-borrower*)**:**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| **-NONE-** | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

## PART 6:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑    **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7:    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:    NONSTANDARD PLAN PROVISIONS

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑    **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*

**1. Holders of allowed secured claims must apply all post-petition payments received directly from the Debtors to post-petition obligations in accordance with the terms of the note and mortgage and/or security agreement, and in accordance with applicable non-bankruptcy law. No holder of an allowed secured claim may assess any penalty or late charge in respect of a post-petition payment made directly to such holder solely on the basis that the Debtors were, or are alleged to have been, in default under the terms of a note and mortgage and/or other security agreement on the date the person in this case was filed.**

**2. Holders of allowed secured claims must apply all payments received from the Chapter 13 Trustee to cure pre-petition defaults.**

**3. Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.**

**4. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as in the terms "deficiency" and "escrow account" are defined in 24 C..F.R. § 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage. Such servicer may nonetheless state the amount of any alleged deficiency in any escrow account statement**

furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. § 362(a).

---

# PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ Cheryl A. Bergeron**             **October  8, 2018**
**Cheryl A. Bergeron**                 Date
Debtor

_____             _____
Debtor                              Date

**/s/ Richard S. Ravosa**      Date   **October  8, 2018**
Signature of attorney for Debtor(s)
**Richard S. Ravosa**
**635846 MA**
**Massachusetts Bankruptcy Center**
**One South Avenue**
**Natick, MA 01760**
**(508) 655-3013**
**massachusettsbankruptcycenter@gmail.com**

The following Exhibits are filed with this Plan:
- [✓] **Exhibit 1: Calculation of Plan Payment***
- [✓] Exhibit 2: Liquidation Analysis*
- [ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
- [ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 10

EXHIBIT 1

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$65,033.60** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$13,042.70** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$0.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$6,168.20** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$84,244.50** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$96,605.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$1,560.08** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | **$1,561.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following*:

| | | |
|---|---|---:|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | 33,507.00 |
| l) | Subtract line (k) from line (h) and enter amount here: | 63,098.00 |
| m) | Divide line (l) by the number of months remaining ( months): | 32 |
| n) | Round up to the nearest dollar amount for amended Plan payment: | 1,971.81 |

Date the amended Plan payment shall begin:    10/09/2018

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

## A. REAL PROPERTY

| Address<br>(Sch. A/B, Part 1) | Value<br>(Sch. A/B, Part 1) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **99 Country Club Drive Whitinsville, MA 01588 Worcester County Debtor's Residence** | 461,812.00 | 305,976.05 | 142,415.30 |
| **307 North Main Street North Uxbridge, MA 01569 Worcester County Investment property owned by Cab Realty LLC** | 370,000.00 | 314,781.07 | 0.00 |
| **679 Linwood Avenue Whitinsville, MA 01588 Worcester County Investment Property owned by C&B Car Care, Inc. - $460,000. See C&B Car Care, Inc.** | 0.00 | 0.00 | 0.00 |
| **305 N. Main Street North Uxbridge, MA 01538 Worcester County Business parking lot. Land is owned by three businesses in equal shares of interest.** | 18,600.00<br>Debtor owns 33% | 0.00 | 0.00 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | $ 850,412.00 |
| **Total Net Equity for Real Property** (*Value Less Liens*): | $ 217,192.88 |
| **Less Total Exemptions for Real Property** (*Sch. C*): | $ 142,415.30 |
| **Amount Real Property Available in Chapter 7:** | $ 74,777.58 |

## B. MOTOR VEHICLES

| Make, Model and Year<br>(Sch. A/B, Part 2) | Value<br>(Sch. A/B, Part 2) | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **2004 Cadillac Deville 183000 miles** | 1,329.00 | 0.00 | 1,329.00 |
| **1992 Harley Davidson Heritage Softtail 30000 miles** | 2,895.00 | 0.00 | 2,895.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | $ 4,224.00 |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | $ 4,224.00 |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | $ 4,224.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | $ 0.00 |

## C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **Household Goods and Furnishings** | 5,000.00 | 0.00 | 5,000.00 |
| **2 Televisions, 1 Desktop Computer, 1 Printer, 1 Scanner and 1 CD Player** | 300.00 | 0.00 | 300.00 |
| **Gym Set - 5 in 1** | 50.00 | 0.00 | 50.00 |
| **Clothing** | 500.00 | 0.00 | 500.00 |
| **Costume Jewelry** | 30.00 | 0.00 | 30.00 |
| **1 Dog** | 0.00 | 0.00 | 0.00 |

| Asset | Value | Lien<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **Pool, Riding Lawn Mower, Yard Tools** | **1,000.00** | **0.00** | **1,000.00** |
| **Cash on Debtor's Person** | **25.00** | **0.00** | **25.00** |
| **Checking Account Ending in 6140 with Bank of America** | **4,940.96** | **0.00** | **4,940.96** |
| **C & B Car Care Inc. DBA Depot Car Wash**<br>**Assets:**<br>**Land and building located at 679 Linwood Avenue, Northbridge, MA.  460,000**<br>**See question 1.**<br>**Equipment: $60,000**<br>**Office Equipment: $500.00**<br>**Bank Accounts:**<br>**Checking account ending in 4827 with Bank of Ame** | **535,666.00** | **0.00** | **0.00** |
| **CAB Realty, LLC**<br>**Assets:  Land and building located at 307 N. Main Street, Uxbridge, MA.  See question 1.**<br><br>**All liabilities are listed on Schedule D and are linked to the property on Schedule A/B**<br><br>**Bank Account:  Checking account ending in 3493 with Bank** | **0.00** | **0.00** | **0.00** |
| **Mom's Restaurant, Inc.**<br>**Assets:  Restaurant Equipment - Oven, Grill, Fridge, Freezer, Furniture, Office Equipment - $2,275.00**<br>**Cash and accounts receivable: $ 6,237.09**<br><br>**Liabilities totaled $19,100.75 and currently exceed assets.**<br><br>**Bank Accounts:**<br>**Check** | **0.00** | **0.00** | **0.00** |
| **All references to debtor's insurance policies are listed in the debtor's payroll deductions , expenses or elsewhere on the petition.  The debtor is unable to ascertain a value on policies which do not list a cash surrender value.** | **0.00** | **0.00** | **0.00** |
| **Possible Claim against Mortgage Company for misapplication of payments.** | **0.00** | **0.00** | **0.00** |
| **Refund from Ocwen Loan Servicing LLC - Overcharge for property preservation/property inspection** | **1.75** | **0.00** | **1.75** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$  547,513.71** |
| **Total Net Equity for All Other Assets**  (*Value Less Liens*): | **$  547,513.71** |

| | |
|---|---|
| **Less Total Exemptions for All Other Assets**: | $ 11,847.71 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 535,666.00 |

D. **SUMMARY OF LIQUIDATION ANALYSIS**

| Amount available in Chapter 7 | | Amount |
|---|---|---:|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ | 74,777.58 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ | 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 535,666.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ | **610,443.58** |

E. **ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

| |
|---|
| |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                               Best Case Bankruptcy